UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CAT 5 PRO, LLC, ET AL. | * | CIVIL ACTION NO. 25-733 |
| VERSUS | * | JUDGE FALLON |
| MONTIEL HODGE, LLC, ET AL. | * | MAGISTRATE JUDGE VAN MEERVELD |

**ORDER & REASONS**

Before the Court are two motions arising from the above-captioned legal malpractice suit filed by Plaintiffs, Cat 5 Pro, LLC; Cat 5 Global, LLC; Cat 5 Restoration, LLC; Cat 5 Coastal, LLC; and Cat 5 XTREME, LLC's against Defendants, Montiel Hodge, LLC ("Montiel Hodge"); Mark Montiel, Shelby Taley, Landis Silva Prestigiacomo, Lawson Nguyen; and Jack Griffin. In the first, Montiel Hodge seeks judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, asking the Court to dismiss Plaintiffs' claims as perempted as a matter of law. R. Doc. 11. In response, Plaintiffs seek the Court's leave to file an amended complaint. R. Doc. 18. Both motions are opposed and have been fully briefed. *See* R. Docs. 19, 22, 23, 24, 27. Having considered the parties' arguments in light of the record and applicable law, the Court will DENY Montiel Hodge's Motion for Judgment on the Pleadings and GRANT Plaintiffs' Motion for Leave to Amend.

**A. Judgment on the Pleadings**

Rule 12(c) provides that a party may file for a motion for judgment on the pleadings once "the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under

Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Accordingly, in considering a motion for judgment on the pleadings, the Court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." A Rule 12(c) motion "should not be granted unless the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.*

The substance of Montiel Hodge's argument is that Plaintiffs' claims are perempted under Louisiana Revised Statute § 9:5605. That statute provides that all claims of legal malpractice must be filed "within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered." La. Rev. Stat. § 9:5605. Montiel Hodge asserts that the Plaintiffs were aware or should have been aware of the basis for their instant claims as early as January 6, 2023. R. Doc. 11-1 at 15. On the other hand, Plaintiffs argue, and alleged in their complaint, that they had no actual or constructive knowledge of Montiel Hodge's alleged malpractice until March 5, 2024, rendering their suit timely filed on March 3, 2025. R. Docs. 19 at 6, 1-1 at 5. This is a material factual dispute that is not resolvable on the pleadings and is thus inappropriate for resolution under Rule 12(c). Montiel Hodge's Motion for Judgment on the Pleadings must be denied.

**B. Leave to Amend**

Rule 15 provides that, if more than twenty-one days have passed since service of a pleading, "a party may amend [the] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave when justice so requires." *Id.* Thus, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of

amendment, etc.—the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Due to the "liberal pleading presumption" underlying Rule 15, the Rule "evinces a bias in favor of granting leave to amend," such that "the term 'discretion' in this context 'may be misleading' . . . ." *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)).

However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling*, 234 F.3d at 872–73. "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion [to dismiss for failure to state a claim upon which relief can be granted] . . . Therefore, we review the proposed amended complaint under 'the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Stripling*, 234 F.3d at 873). An amendment would also be futile if "the allegations in the proposed amendment [are] insufficient to demonstrate personal jurisdiction." *Lemann v. Midwest Recovery Fund LLC*, No. CV 15-3329, 2016 WL 3033622, at *3 (E.D. La. May 27, 2016). In determining whether an amended complaint states a claim for which relief can be granted a court "accepts 'all well-pleaded facts as true and draw[s] all reasonable inferences in favor of the nonmoving party'"—but does not presume true "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; [or] naked assertions devoid of further factual enhancement." *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162 (5th Cir. 2021) (quoting *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011)).

In this case, Montiel Hodge argues Plaintiffs' proposed amendment would be futile because, it asserts, Plaintiffs' claims are perempted. R. Doc. 23. The Court has already ruled that that question involves a disputed question of fact and is inappropriate for resolution at this stage.

Accordingly, the Court cannot now hold that Plaintiffs' proposed amendment would fail to state a claim upon which relief can be granted on the grounds of peremption. Plaintiffs have not been previously offered the opportunity to amend their complaint, and the Court finds no undue delay, bad faith or dilatory motive underlying Plaintiffs' Motion to Amend. Leave to amend should be freely granted.

### C. Conclusion

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Montiel Hodge's Motion for Judgment on the Pleadings, R. Doc. 11, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to Amend their complaint, R. Doc. 18, is **GRANTED** and that the proposed pleading, R. Doc. 18-2, shall be filed into the record of this matter.

New Orleans, Louisiana, this 10th day of September, 2025.

_____
United States District Judge