**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CAT 5 PRO, LLC, CAT 5 GLOBAL, LLC,                CIVIL ACTION NO. 25-733
CAT 5 RESTORATION, LLC, CAT 5
COASTAL, LLC and CAT 5 XTREME, LLC        *

                                                  JUDGE ELDON E. FALLON

VERSUS                                    *       MAGISTRATE JUDGE
                                                  VAN MEERVELD
MONTIEL HODGE, LLC, MARK MONTIEL,
SHELBY TALEY, LANDIS SILVA, LAWSON
NGUYEN, AND JACK GRIFFIN

*       *       *       *       *       *       *       *

**ORDER & REASONS**

Before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant Jack Griffin. R. Doc. 78. Plaintiffs CAT 5 Pro, LLC, CAT 5 Global, LLC, CAT 5 Restoration, LLC, CAT 5 Coastal, LLC and CAT 5 Xtreme, LLC (collectively, "CAT 5"), opposed the motion. R. Doc. 86. Griffin replied. R. Doc. 88. Considering the record, briefing, and applicable law, the Court now rules as follows.

## I.    BACKGROUND

This case arises from allegations of legal malpractice or, alternatively, fraud and conspiracy against the law firm Montiel Hodge, LLC ("Montiel Hodge") and several attorney employees thereof, including Griffin. R. Doc. 31. CAT 5 alleges that it retained Montiel Hodge in 2021 to represent it in collection efforts stemming from restoration and remediation work performed on residential and commercial properties following Hurricanes Laura, Sally, Delta, and Ida in 2020. *Id*. at 4.

According to the amended complaint, from 2022 through 2024, Montiel Hodge and its attorneys engaged in "broad-ranging activities" reflecting its representation of CAT 5 in these

collection matters, including filing lawsuits, appearing in court proceedings and depositions, participating in settlement discussions, providing legal advice, and requiring that settlement checks include the firm's name. *Id.* CAT 5 further alleges that Montiel Hodge repeatedly assured CAT 5 that its interests were being protected, even after CAT 5 discovered that the firm simultaneously represented certain individuals from whom CAT 5 was attempting to collect debts. *Id.* at 6.

CAT 5 alleges that, after repeatedly requesting status updates on its files, it received records from Montiel Hodge in August 2024 concerning the collection matters and discovered what it characterizes as a "laundry list of acts, omissions, and negligence" in the handling of those files. *Id.* at 9. Specifically, CAT 5 alleges that Defendants failed to intervene in property owners' lawsuits against insurers; failed to sue property owners directly, even when instructed to do so; settled or failed to settle cases without CAT 5's knowledge or consent; failed to include necessary parties in litigation; and failed to effect service for extended periods, sometimes years. CAT 5 further alleges that Defendants pursued smaller claims in district court that could have been resolved more efficiently and economically in First Parish Court and, in some matters, took no action at all. CAT 5 additionally alleges that Montiel Hodge continues to withhold settlement checks.

CAT 5 filed suit in the United States District Court for the Eastern District of Louisiana alleging legal malpractice and, alternatively, fraud and civil conspiracy. CAT 5 named Montiel Hodges, LLC, its insurer, ABC Insurance Company, and five attorneys affiliated with the firm as defendants. After this Court granted CAT 5 leave to amend its original complaint in response to prior motions to dismiss, Griffin filed the motion presently before the Court.

## II.    PRESENT MOTION

Griffin now moves to dismiss Plaintiffs' claims against him pursuant to Fed. R. Civ. P. Rule 12(b)(6). R. Doc. 78. He argues that, aside from naming him as a defendant, the amended

complaint contains no allegations suggesting that he participated in the representation of CAT 5 or personally caused CAT 5 any harm in the course of his legal practice. R. Doc. 78-1 at 1. According to Griffin, CAT 5 merely asserts generalized claims of malpractice, fraud, and conspiracy against "the Defendants," seven individuals and entities in total, without identifying any specific conduct attributable to Griffin. *Id*. at 4. He contends these conclusory allegations are insufficient both to place him on notice of the claims against him and to support a plausible inference of liability. *Id*. Accordingly, Griffin argues that CAT 5's amended complaint, R. Doc. 31, fails to state a claim against him and cannot survive a motion to dismiss under Rule 12(b)(6).

CAT 5 opposes the motion. R. Doc. 86. Plaintiffs argue that Griffin attempts to portray himself as merely a "peripheral figure," when, in fact, he and the other Defendants "collectively undertook" the representation of CAT 5 and collectively mishandled claims, concealed conflicts, compromised CAT 5's collection rights, and caused financial harm. *Id*. at 1–2. Plaintiffs principally rely on this theory of collective involvement. They further contend that Griffin's arguments are undermined by exhibits attached to their opposition, which consist of emails that Plaintiffs claim demonstrate Griffin's "direct participation in CAT 5 representation." *Id.* at 2 (citing R. Docs. 86-1–4). Alternatively, Plaintiffs request leave to amend, arguing that any pleading deficiencies are "plainly curable." *Id*. at 8–9.

In reply, Griffin argues that Plaintiffs' exhibits fall outside the 'four corners' of the complaint and therefore cannot be considered on a Rule 12(b)(6) motion. R. Doc. 88. He further reiterates that the amended complaint fails to allege any specific conduct by him that would render the exhibits relevant even if considered. *Id*.

III.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A claim is facially plausible when the plaintiff pleads facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded facts as true, and draw all reasonable inferences in the plaintiff's favor. However, conclusory allegations and formulaic recitations of the elements of a cause of action are insufficient. *See Ashcroft*, 556 U.S. at 678. Likewise, "conclusory allegations against [d]efendants as a group that fail[] to allege the personal involvement of any defendant are insufficient to put Defendants on notice of their alleged wrongdoing." *Hawkins v. Sanders*, No. CV 19-13323, 2023 WL 2565403, at *2 (E.D. La. Mar. 17, 2023). Plaintiffs may not rely on "broad allegations against all of the defendants lumped together," but instead must provide each defendant fair notice of the allegations asserted against them. *Wilson v. Grest*, No. CV 20-2534, 2021 WL 221089, at *4 (E.D. La. Jan. 20, 2021) (citing *Middleton v. Parrish Snead Franklin Simpson, PLC*, No. 16-1217, 2017 WL 774912, at *2 (D. Nev. Feb. 27, 2017)).

IV.   **DISCUSSION**

As Griffin argues, CAT 5 fails to allege any specific conduct attributable to him individually and instead relies entirely on impermissible group pleading. The Complaint

4

repeatedly refers collectively to "Defendants" without identifying what actions Griffin personally took, what knowledge he possessed, or how he allegedly participated in the misconduct at issue. Such generalized allegations are insufficient under Rule 12(b)(6), and also under Rule 9.  As Griffin points out in his reply memorandum, Rule 9 requires the "who, what, when, where, and how to be laid out." R. Doc 88 at 4 (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003)).

To state a plausible claim for relief, Plaintiffs must plead facts that permit the Court to draw a reasonable inference that *each* individual defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). CAT 5 cannot satisfy this burden through conclusory allegations directed collectively at multiple defendants. Courts within this district have rejected complaints that "lump" defendants together without identifying each defendant's alleged personal involvement. *See Hawkins v. Sanders*, No. CV 19-13323, 2023 WL 2565403, at *2 (E.D. La. Mar. 17, 2023) ("conclusory allegations against [d]efendants as a group that fail[] to allege the personal involvement of any defendant are insufficient"); *Wilson v. Grest*, No. CV 20-2534, 2021 WL 221089, at *4 (E.D. La. Jan. 20, 2021) (rejecting "broad allegations against all of the defendants lumped together").

Here, Plaintiffs fail to distinguish Griffin from any other defendant and do not allege facts demonstrating his direct participation in any actionable conduct. The Complaint contains no factual allegations identifying any statement made by Griffin, any duty uniquely owed by him, or any act or omission specifically attributable to him. Instead, Plaintiffs rely on collective references to "Defendants" and ask the Court to infer liability without factual support. Such allegations fall well below the pleading standard.

The Court need not evaluate whether or not CAT 5's exhibits are admissible. Upon review, the emails support that Griffin (1) worked for Montiel Hodges and (2) was at least peripherally involved with CAT 5 matters in the scope of his employment. There is nothing in the exhibits to support any claims of legal malpractice, fraud, or conspiracy.

Because the Complaint does not provide Griffin fair notice of the claims asserted against him or the grounds upon which those claims rest, CAT 5 has failed to state a plausible claim for relief against him. However, it is axiomatic that "[i]n the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc.— the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). Due to the "liberal pleading presumption" underlying Rule 15, the Rule "evinces a bias in favor of granting leave to amend," such that "the term 'discretion' in this context 'may be misleading[.]'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). While courts may deny leave to amend if amendment would be futile, *see Stripling*, 234 F.3d at 872– 73, the Court cannot hold on the basis of the record before it that permitting CAT 5 to again amend its complaint to plead more specific and individualized allegations against Griffin and each individual defendant would be futile. Accordingly, the Court will deny Griffin's Motion and grant CAT 5 leave to amend its complaint.

V.    **CONCLUSION**

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Griffin's Motion to Dismiss, R. Doc. 78, is hereby **DENIED**.

6

**IT IS FURTHER ORDERED** that CAT 5 file an amended complaint to cure the deficiencies noted in this Order no later than June 16, 2026.

New Orleans, Louisiana, this 2nd day of June, 2026.

THE HONORABLE ELDON E. FALLON