**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CAT 5 PRO, LLC, CAT 5 GLOBAL, LLC,** | | **CIVIL ACTION NO. 25-733** |
| **CAT 5 RESTORATION, LLC, CAT 5** | | |
| **COASTAL, LLC and CAT 5 XTREME, LLC** | * | **JUDGE ELDON E. FALLON** |
| | | |
| **VERSUS** | * | **MAGISTRATE JUDGE** |
| | | **VAN MEERVELD** |
| | | |
| **MONTIEL HODGE, LLC, MARK MONTIEL,** | | |
| **SHELBY TALEY, LANDIS SILVA, LAWSON** | * | |
| **NGUYEN, AND JACK GRIFFIN** | | |

**\*   \*   \*   \*   \*   \*   \*   \***

## <u>ORDER & REASONS</u>

Before the Court is a Partial Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure filed by Defendant Mark Montiel. R. Doc. 83. Plaintiffs CAT 5 Pro, LLC, CAT 5 Global, LLC, CAT 5 Restoration, LLC, CAT 5 Coastal, LLC and CAT 5 Xtreme, LLC (collectively, "CAT 5") opposed the motion. R. Doc. 85. Montiel replied. R. Doc. 87. Considering the record, briefing, and applicable law, the Court now rules as follows.

## I.    BACKGROUND

This case arises from allegations of legal malpractice or, alternatively, fraud and conspiracy against the law firm Montiel Hodge, LLC ("Montiel Hodge and several attorney employees thereof, including Montiel.. R. Doc. 31. CAT 5 alleges that it retained Montiel Hodge in 2021 to represent it in collection efforts stemming from restoration and remediation work performed on residential and commercial properties following Hurricanes Laura, Sally, Delta, and Ida in 2020. *Id.* at 4.

According to the amended complaint, from 2022 through 2024, Montiel Hodge and its attorneys engaged in "broad-ranging activities" reflecting its representation of CAT 5 in these collection matters, including filing lawsuits, appearing in court proceedings and depositions,

participating in settlement discussions, providing legal advice, and requiring that settlement checks include the firm's name. *Id.* CAT 5 further alleges that Montiel Hodge repeatedly assured CAT 5 that its interests were being protected, even after CAT 5 discovered that the firm simultaneously represented certain individuals from whom CAT 5 was attempting to collect debts. *Id.* at 6.

CAT 5 alleges that, after repeatedly requesting status updates on its files, it received records from Montiel Hodge in August 2024 concerning the collection matters and discovered what it characterizes as a "laundry list of acts, omissions, and negligence" in the handling of those files. *Id.* at 9. Specifically, CAT 5 alleges that Defendants failed to intervene in property owners' lawsuits against insurers; failed to sue property owners directly, even when instructed to do so; settled or failed to settle cases without CAT 5's knowledge or consent; failed to include necessary parties in litigation; and failed to effect service for extended periods, sometimes years. CAT 5 further alleges that Defendants pursued smaller claims in district court that could have been resolved more efficiently and economically in First Parish Court and, in some matters, took no action at all. CAT 5 additionally alleges that Montiel Hodge continues to withhold settlement checks. *Id.* at 18-23.

CAT 5 filed suit in the United States District Court for the Eastern District of Louisiana alleging legal malpractice and, alternatively, fraud and civil conspiracy. CAT 5 named Montiel Hodges, LLC, its insurer, ABC Insurance Company, and five attorneys affiliated with the firm as defendants. After this Court granted CAT 5 leave to amend its original complaint in response to prior motions to dismiss, Montiel filed the motion presently before the Court.

## II.    PRESENT MOTION

Montiel now asks this Court for partial judgment on the pleadings of Plaintiffs' claims—specifically, the fraud and conspiracy claims. R. Doc. 83. Montiel takes the position that the "threadbare assertions" in the amended complaint do not contain sufficient facts and allegations to

establish "any facially plausible claim" of fraud or civil conspiracy against Montiel. *Id.* at 2. Montiel specifically cites paragraphs 72 and 73 of the Amended Complaint, arguing that they contain the complaint's only allegations of fraud and conspiracy. *Id.* He contends that these allegations are merely conclusory and fail to plead any facts that would support a finding of liability against him. *Id.* Montiel further contends that the allegations are not individualized, as the Complaint refers generally to "the Defendants" in asserting its fraud and conspiracy claims and fails to attribute any specific conduct to him. *Id.*

CAT 5 opposes the motion. R. Doc. 85. It argues that Montiel is "artificially isolating" paragraphs 72 and 73 of the amended complaint. *Id.* at 1. It rejects the assertion that the paragraphs are conclusory allegations. *Id.* CAT 5 argues that paragraphs 72 and 73 should be viewed in the context of the Amended Complaint as a whole.  CAT 5 also contends that the pleading requirements of the Federal Rules of Civil Procedure allow for the fact that fraud is difficult to plead with specificity. *Id.* at 3. Finally, CAT 5 argues that Montiel's motion requires the Court to "draw factual inferences in [Montiel]'s favor", which is improper under rule 12(c). *Id.* at 5.

Montiel filed a reply. R. Doc. 87. He reiterates his prior arguments that CAT 5's amended complaint consists solely of legal conclusions and does not allege specific facts sufficient to establish a plausible basis for liability against him.

### III.    LEGAL STANDARD

Motions filed pursuant to Federal Rule of Civil Procedure 12(c) allow a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not the delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Tillman-Felton v.*

*Blunt*, No. 24-2601, 2026 U.S. Dist. LEXIS 75196, at *3 (E.D. La. Apr. 7, 2026) (citing *Hebert Abstract Co. v. Touchstone Props.*, Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (citation omitted)). The standard for dismissal for a Rule 12(c) motion for judgment on the pleadings is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *See Borsage v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 439 (5th Cir. 2015).

In evaluating a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded facts as true, and draw all reasonable inferences in the plaintiff's favor. However, conclusory allegations and "formulaic recitations" of the elements of a cause of action are insufficient. *See Ashcroft*, 556 U.S. at 678. Likewise, "conclusory allegations against [d]efendants as a group that fail[] to allege the personal involvement of any defendant are insufficient to put Defendants on notice of their alleged wrongdoing." *Hawkins v. Sanders*, No. CV 19-13323, 2023 WL 2565403, at *2 (E.D. La. Mar. 17, 2023). Plaintiffs may not rely on "broad allegations against all of the defendants lumped together," but instead must provide each defendant fair notice of the allegations asserted against them. *Wilson v. Grest*, No. CV 20-2534, 2021 WL 221089, at *4 (E.D. La. Jan. 20, 2021) (citing *Middleton v. Parrish Snead Franklin Simpson, PLC*, No. 16-1217, 2017 WL 774912, at *2 (D. Nev. Feb. 27, 2017)).

Fraud claims are subject to Rule 9's heightened pleading standard. Federal Rule of Civil Procedure 9(b) requires parties alleging fraud to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit has favored a strict interpretation of Rule 9, requiring a plaintiff pleading fraud "'to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain

4

why the statements were fraudulent.'" *Nathenson v. Zonagen Inc.*, 267 F.3d 400, 412 (5th Cir. 2001) (quoting *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

### IV.    DISCUSSION

Montiel asks the Court to dismiss CAT 5's fraud and civil conspiracy claims against him because, as pleaded in paragraphs 72 and 73 in the Amended Complaint, they contain only legal conclusions and do not meet the specificity standards required by Rules 12(b)(6) and 9(b). This Court agrees. Paragraphs 72 and 73 of the amended complaint are as follows:

> In the alternative, upon information and belief, CAT 5 alleges that that the acts complained of herein constitute fraud by Defendants, especially with regard to Defendants' acts and omissions with regard to Layne Properties and wrongfully holding up settlement checks and/or settlement of CAT 5's claims. R. Doc. 31 at 26.

> In the alternative, CAT 5 alleges that many of the acts complained of herein are intentional and Defendants conspired with each other to commit such acts and defendants are liable *in solido* for the damages complained of herein.

*Id.* In evaluating a motion for judgment on the pleadings, the Court looks to the substance of the pleadings and accepts well-pleaded factual allegations as true. *See Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). Even considering the factual allegations contained elsewhere in the Amended Complaint, however, CAT 5's fraud and conspiracy claims are inadequately pleaded. Rule 9(b) requires a plaintiff alleging fraud to plead the circumstances constituting the alleged fraud with particularity, including the "who, what, when, where, and how" of the alleged misconduct. *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003); *see also Williams*, 112 F.3d at 177.

Here, paragraphs 72 and 73 merely recite the legal conclusions that "Defendants" committed fraud and conspired with one another. The allegations do not identify any specific fraudulent statement, omission, or act attributable to Montiel, nor do they specify when or where

any such conduct occurred or how it was fraudulent. Likewise, the conspiracy allegations fail to plead facts showing an agreement involving Montiel or any overt act taken in furtherance of a conspiracy. This conclusion does not require the Court to draw any factual inferences in favor of Montiel. Accordingly, CAT 5's fraud and civil conspiracy allegations against Montiel fail to satisfy Rules 12(b)(6) and 9(b).

However, it is axiomatic that "[i]n the absence of any apparent or declared reason— such as undue delay, bad faith or dilatory motive . . ., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., futility of amendment, etc.— the leave sought should . . . be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). Due to the "liberal pleading presumption" underlying Rule 15, the Rule "evinces a bias in favor of granting leave to amend," such that "the term 'discretion' in this context 'may be misleading[.]'" *Mayeaux v. Louisiana Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000)). While courts may deny leave to amend if amendment would be futile, *see Stripling*, 234 F.3d at 872– 73, the Court cannot hold on the basis of the record before it that permitting CAT 5 to again amend its complaint to plead more specific and individualized allegations against Montiel and each individual defendant would be futile. Accordingly, the Court will deny Montiel's Motion and grant CAT 5 leave to amend its complaint.

V.    CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings, R. Doc. 83, is hereby **DENIED**.

**IT IS FURTHER ORDERED** that CAT 5 file an amended complaint to cure the deficiencies noted in this Order no later than June 16, 2026.

New Orleans, Louisiana, this 2nd day of June, 2026.

THE HONORABLE ELDON E. FALLON