**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

CAT 5 PRO, LLC, CAT 5 GLOBAL, LLC,          CIVIL ACTION NO. 25-733
CAT 5 RESTORATION, LLC, CAT 5
COASTAL, LLC and CAT 5 XTREME, LLC     *

                                                                  JUDGE ELDON E. FALLON

VERSUS                                                    *      MAGISTRATE JUDGE
                                                                  VAN MEERVELD
MONTIEL HODGE, LLC, MARK MONTIEL,
SHELBY TALEY, LANDIS SILVA, LAWSON
NGUYEN, AND JACK GRIFFIN


*      *      *      *      *      *      *      *

## ORDER & REASONS

Before the Court is a Motion for Attorney's Fees and Costs pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure filed by Plaintiffs CAT 5 Pro, LLC, CAT 5 Global, LLC, CAT 5 Restoration, LLC, CAT 5 Coastal, LLC and CAT 5 Xtreme, LLC (collectively, "CAT 5"). R. Doc. 90. Defendants Mark Montiel and Jack Griffin opposed the motion. R. Doc. 91. Considering the record, briefing, and applicable law, the Court now rules as follows.

## I.      BACKGROUND

This case arises from allegations of legal malpractice or, alternatively, fraud and conspiracy against the law firm Montiel Hodge, LLC ("Montiel Hodge") and several attorney employees thereof. R. Doc. 31. CAT 5 alleges that it retained Montiel Hodge in 2021 to represent it in collection efforts stemming from restoration and remediation work performed on residential and commercial properties following Hurricanes Laura, Sally, Delta, and Ida in 2020. *Id*. at 4.

According to the amended complaint, from 2022 through 2024, Montiel Hodge and its attorneys engaged in "broad-ranging activities" reflecting its representation of CAT 5 in these collection matters, including filing lawsuits, appearing in court proceedings and depositions,

participating in settlement discussions, providing legal advice, and requiring that settlement checks include the firm's name. *Id.* CAT 5 further alleges that Montiel Hodge repeatedly assured CAT 5 that its interests were being protected, even after CAT 5 discovered that the firm simultaneously represented certain individuals from whom CAT 5 was attempting to collect debts. *Id.* at 6.

CAT 5 alleges that, after repeatedly requesting status updates on its files, it received records from Montiel Hodge in August 2024 concerning the collection matters and discovered what it characterizes as a "laundry list of acts, omissions, and negligence" in the handling of those files. *Id.* at 9. Specifically, CAT 5 alleges that Defendants failed to intervene in property owners' lawsuits against insurers; failed to sue property owners directly, even when instructed to do so; settled or failed to settle cases without CAT 5's knowledge or consent; failed to include necessary parties in litigation; and failed to effect service for extended periods, sometimes years. CAT 5 further alleges that Defendants pursued smaller claims in district court that could have been resolved more efficiently and economically in First Parish Court and, in some matters, took no action at all. CAT 5 additionally alleges that Montiel Hodge continues to withhold settlement checks.

CAT 5 filed suit in the United States District Court for the Eastern District of Louisiana alleging legal malpractice and, alternatively, fraud and civil conspiracy. CAT 5 named Montiel Hodges, LLC, its insurer, ABC Insurance Company, and five attorneys affiliated with the firm as defendants.

## II.     PRESENT MOTION

CAT 5 now asks this Court to assess against Defendants Montiel and Griffin the costs incurred in effecting service pursuant to Fed. R. Civ. P. 4(d)(2). R. Doc. 90.  CAT 5 argues that it "fully complied with all requirements of Rule 4(d)(1)" by sending Defendants service packets and waiver-of-service forms via FedEx. R. Doc. 90-2 at 3. It asserts that all documents required by

Rule 4(d) were contained in the packets. *Id*. These packets were allegedly delivered to Defendants on December 24, 2025. *Id.* CAT 5 contends that Defendants never returned the service waivers and "repeatedly evaded service". *Id.* at 4. Thus, CAT 5 alleges that it was forced to undertake "extensive and costly efforts" to effect service, including the hiring of private investigators. *Id.* Accordingly, CAT 5 argues that, because these actions were necessitated by Defendants' failure to comply with Rule 4(d), it is entitled to recover the costs incurred and attorney's fees associated with this motion. *Id.* at 5.

Defendants oppose the motion. R. Doc. 91. They argue that Rule 4 does not authorize service via FedEx. R. Doc. 91 at 1. Moreover, Defendants contend that they had no obligation to waive service because the service packets delivered on December 24, 2025, did not include a request for waiver of service. *Id.*  They note that the summonses were "returned and marked deficient." *Id.* at 3. Defendants further assert that they repeatedly informed CAT 5 that service could be effected at their law office by appointment. *Id.* at 2. According to Defendants, CAT 5 knew where they worked and were offered this option but instead chose to hire a private investigator and thereby incur significant expenses. Defendants maintain that these measures were unnecessary and resulted in avoidable service-related costs for which they should not be liable. *Id.*

CAT 5 did not file a reply memorandum.

## III.    DISCUSSION

Federal Rule of Civil Procedure 4(d)(2) provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect these service expenses." It is the plaintiff's burden to demonstrate compliance

3

with Rule 4(d)(1) and that defendants failed to return the waiver without good cause. *Flores v. Sch. Bd. of DeSoto Par.*, 116 F. App'x 504, 508 (5th Cir. 2004) ("[T]he burden to show entitlement to costs and fees under other statutes does rest on the applicant. Otherwise, a defendant would be forced to prove a negative . . .") (footnotes omitted).

Here, the record does not establish that Defendants' alleged failure to waive service warrants an award of costs under Rule 4(d)(2). CAT 5 contends that the service packets delivered to Defendants on December 24, 2025, contained all materials required by Rule 4(d), including requests for waiver of service. R. Doc. 90. Defendants dispute this assertion and maintain that no waiver requests were included. R. Doc. 91. Upon review, the evidence before the Court does not conclusively resolve this factual dispute. Accordingly, the Court cannot find on the present record that Defendants received waiver requests and failed to return them without good cause.

Moreover, the record reflects that Defendants repeatedly informed CAT 5 of a means by which service could be accomplished without significant additional cost. Defendants represent that they advised CAT 5 that service could be effected at their law office by appointment. *Id.* at 2. CAT 5 does not dispute that this information was provided. Despite possession of this information, CAT 5 elected to undertake unnecessary efforts to locate and serve Defendants, including retaining private investigators. While CAT 5 was entitled to pursue any lawful methods of service, Rule 4(d)(2) does not require a defendant to bear service-related expenses that appear to have been incurred despite the availability of a less costly and readily available alternative.

Given the uncertainty regarding whether waiver requests were included in the service packets and the record evidence suggesting that CAT 5 was informed of a practical and cost-effective method for effecting service, CAT 5 has failed to carry its burden to show that Defendants

failed to waive service without good cause. Accordingly, CAT 5 has not demonstrated that an award of costs and attorney's fees is warranted under Rule 4(d)(2).

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs, R. Doc. 90, is hereby **DENIED**.

New Orleans, Louisiana, this 9th day of June, 2026.

_____
THE HONORABLE ELDON E. FALLON